UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN, #374517,                )
                    Petitioner,         )
                                        )    No. 1:14-cv-617
-v-                                     )
                                        )    Honorable Paul L. Maloney
LORI GIDLEY,                            )
                    Respondent.         )
                                        )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING § 2254 PETITION

Darnell Brown, a prisoner under the control of the Michigan Department of Corrections, filed a petitioner for habeas relief under 28 U.S.C. § 2254. The magistrate judge has reviewed the petition and the record and issued a report recommending the petition be denied. (ECF No. 11.) Brown filed objections. (ECF No. 12.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge identified four grounds for relief advanced in Brown's petition: (1) insufficient evidence to sustain the convictions for second degree murder and for assault with the intent to commit murder; (2) violation of due process for failure to provide trial

counsel with the criminal histories of prosecution witnesses; (3) reversible error when the trial court overruled a defense objection to the flight instruction; and (4) reversible error when scoring offense variables. Each of the claims were raised on appeal and rejected by the Michigan Court of Appeals. The magistrate judge concluded the first three claims should be denied for lack of merit. The magistrate judge concluded the fourth claim should be denied because it is not cognizable on habeas review.

The Court finds the magistrate judge's summary of the relevant facts accurate and the application of the relevant law appropriate. Brown has not identified any factual or legal errors in the report that would warrant rejecting or modifying the magistrate judge's recommendations. The Court comment briefly on each of Brown's claims and the objections raised.

1. Sufficiency of the Evidence. Brown does not object to the factual findings and legal conclusion on this first claim. In his objection, Brown asserts that the prosecutor failed to present to the jury the fact that certain shell casings were found later in the investigation. Brown's objection does not establish any error. Defense counsel was successful in securing testimony that those casings were found, but not submitted to the lab for testing. (ECF No. 8-5 Tr. Trans. at 132 PageID.458.) In closing, defense counsel discussed the fact that there were shell casing found from guns of three different calibers. (ECF No. 8-6 Tr. Trans. at 165–66 PageID.520.) Accordingly, the evidence of which Brown complains was presented to the jury.

2. Criminal Histories. Brown contends that the prosecutor was required to produce the criminal histories of its witnesses, citing Michigan Court Rule 6.201(A)(4). Brown is

incorrect. Rule 6.201(A)(4) requires the party intending to use a criminal history to impeach a witness to provide the record to all other parties. *See People v. Walker*, No. 191601, 1997 WL 33330939, at *2 (Mich. Ct. App. Dec. 30, 1997). Because Brown wanted to impeach the prosecution's witness, the rule places the obligation on Brown, not the prosecutor. Rule 6.201(A)(5), on the other hand, requires a disclosure the criminal convictions, known to the prosecuting attorney, of any witness the prosecutor may call. The magistrate judge summarized the manner in which the Michigan Court of Appeals resolved this issue; the state court found no evidence that the prosecutor was aware of Toliver's criminal history. Brown does not object to this conclusion. In addition, the magistrate judge found that defense counsel was able to thoroughly examine Toliver about his criminal history, undermining any potential prejudice.[1] (*See* ECF No. 8-4 Tr. Trans. at 194–95 PageID.382.)

    3. Jury Instruction on Flight. Brown's objection on this issue is rejected outright. In his objection (ECF No. 12 PageID.860), Brown quotes the trial court's instruction to the jury out of context. The Michigan Court of Appeals explained why there was no error in the instruction. The magistrate judge identified the difficult standard Brown must overcome to succeed on a jury instruction claim, a conclusion of law to which Brown does not object.

    4. Scoring of Offense Variables. Brown does not offer any objections on this issue.

---

[1] The magistrate judge wrote that "Petitioner's counsel then thoroughly examined *Petitioner's* criminal history during cross examination, and elicited Tawaun's admission that he had a prior felony conviction for cocaine, as well as 'ac couple of other cases.'" (R&R at 31 PageID.845.) As is obvious from the sentence and from the record, Petitioner's counsel was cross examining Tawaun Toliver, not Petitioner, when Toliver made the admission about his criminal history.

For these reasons, the Report and Recommendation (ECF No. 11) is **ADOPTED** as the Opinion of this Court. Brown's § 2254 petition for habeas relief is **DENIED.**

In addition, the Court **DENIES** a Certificate of Appealablity. The Court has reviewed the issues independently for the purpose of determining whether to issue a Certificate. The Court concludes reasonable jurists would not disagree with its conclusions.

**IT IS SO ORDERED.**

Date: August 22, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge